## Wells Fargo Bank, N.A. v 555 Retail Owner LLC

2024 NY Slip Op 30295(U)

January 23, 2024

Supreme Court, New York County

Docket Number: Index No. 850277/2021

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. MARGARET A. CHAN**          PART          49M

*Justice*

--------------------------------------------------------------------------X

WELLS FARGO BANK, NATIONAL ASSOCIATION, AS
TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF
COMM 2014-CCRE16 MORTGAGE TRUST COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES, BY AND
THROUGH ITS SPECIAL SERVICER, LNR PARTNERS,
LLC,

Plaintiff,

555 RETAIL OWNER LLC, THE PEOPLE OF THE STATE
OF NEW YORK, JOHN DOE # 1-50, SAID JOHN DOE
DEFENDANTS BEING FICTITIOUS, IT BEING INTENDED
TO NAME ALL OTHER PARTIES WHO MAY HAVE SOME
INTEREST IN OR LIEN UPON THE PREMISES SOUGHT
TO BE FORECLOSED

Defendants

--------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 850277/2021 |
| MOTION DATE | 10/02/2023 |
| MOTION SEQ. NO. | 002 |

**AMENDED DECISION + ORDER
ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 59, 60, 61
were read on this motion to/for          CONFIRM/DISAPPROVE AWARD/REPORT          .

In this mortgage foreclosure action, plaintiff moves for an order pursuant to CPLR 4403 to confirm the Report and Recommendation entered by Special Referee Ann Pinciss Berman, Esq. on September 1, 2023 (NYSCEF # 45). This motion is unopposed.

Plaintiff commenced this action in December 2021 against defendant 555 Retail Owner LLC (Borrower) and defendant The People of The State of New York based on the alleged default of Borrower under a loan with original principal amount of $19,990,000.00 (the Loan). The Loan was evidenced in a Consolidated, Amended and Restated Promissory Note and a Loan Agreement, both dated March 20, 2014 (NYSCEF #s 3-4). The Loan was secured by Borrower's interest in the property located at 555 West 59th Street, Commercial Unit 1, Commercial Unit 2, and Commercial Unit 4, New York, New York (the Premises), as reflected by the Consolidated, Amended and Restated Mortgage, Assignment of Leases and Rents and Security Agreement and Spreader Agreement dated March 20, 2014 (the Mortgage) (NYSCEF # 5). In April 2014, both the Loan and the Mortgage were

850277/2021  WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE
BENEFIT OF THE HOLDERS OF COMM 2014-CCRE16 MORTGAGE TRUST COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES, BY AND THROUGH ITS SPECIAL SERVICER,
LNR PARTNERS, LLC vs. 555 RETAIL OWNER LLC ET AL
Motion No.  002

Page 1 of 4

[* 1]

assigned to plaintiff (NYSCEF # 3 at 9 – Allonge; NYSCEF # 7 – Assignment of Mortgage).

In July 2022, plaintiff moved for a default judgment against defendants, seeking to foreclose on the Mortgage (NYSCEF # 39). By Decision and Order dated November 17, 2022, this court entered a default judgment against defendants, and appointed the Special Referee to ascertain and compute the amounts owing to plaintiff under the Loan and to report whether the mortgaged Premises should be sold in one or more parcels (NYSCEF # 42).

On September 1, 2023, the Special Referee issued the Report and Recommendation (the Report) (NYSCEF # 45), based on her review of (i) the documentary evidence in the record (NYSCEF #s 3-11), (ii) an affidavit of Melisa Vis, an Asset Manager of LNR Partners, the Special Servicer for the Loan (NYSCEF # 46), as well as (iii) the decision and motion paper in plaintiff's default judgment motion (NYSCEF #s 39, 42). In the Report, the Special Referee (i) defined the issues referred to her; (ii) ascertained the total amount due under the Loan to be $23,404,677.60 as of February 6, 2023, with interest accruing at a rate of $4,962.23 per day; and (iii) recommended that the mortgaged Premises should be sold in one parcel (NYSCEF # 45, ¶¶ 1, 4, 5).

Plaintiff now moves for an order confirming the Special Referee's Report and for a judgment of foreclosure and sale (NYSCEF #s 59-61 – MS 002). This motion and its accompanied papers are served upon defendants on October 2, 2023 (NYSCEF # 62 – Aff of Service). The motion is unopposed. On October 11, 2023, the Special Referee, through an email correspondence to the court, requested that she be substituted as referee in this matter because of her personal circumstances.

CPLR 4403 permits a court to confirm or reject a referee's report, in whole or in part. "It is well settled that where questions of fact are submitted to a referee, it is the function of the referee to determine the issues presented, as well as to resolve conflicting testimony and matters of credibility" (*Herman v Gill*, 61 AD3d 433 [1st Dept 2009] [internal citation and quotation omitted]). "The recommendations of a special referee are entitled to great weight because, as the trier of fact, [the referee] has an opportunity to see and hear the witnesses and to observe their demeanor" (*Poster v Poster*, 4 AD3d 145, 145 [1st Dept 2004]).

The court grants plaintiff's unopposed motion to confirm the Report. The Special Referee clearly defined the issues to be considered, namely, (i) the amount due under the Loan and secured by the Mortgage, and (ii) whether the mortgage Premises should be sold in one or more parcels (NYSCEF # 45 at 1). In resolving the issues, the Special Referee examined the record, including documentary evidence of the Loan and the Mortgage (NYSCEF # 45 at 2). Defendants have not appeared or submitted any conflicting testimony. The record supports the Special Referee's determination that (i) the total amount owed under the Loan as of February 6, 2023 is $23,404,677.60 (with interest accruing at rate of

850277/2021 WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2014-CCRE16 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, BY AND THROUGH ITS SPECIAL SERVICER, LNR PARTNERS, LLC vs. 555 RETAIL OWNER LLC ET AL
Motion No. 002

Page 2 of 4

[* 2]

2 of 4

$4,962.23 per day), which includes total principal, interest, late fees, and other costs and expenses, less credits for reserve funds and lockbox funds (NYSCEF # 46 at 8) and (ii) the Premises should be sold in one parcel (*id.* at 9).

As such, the court sees no basis to disturb the Special Referee's findings (*see Galasso, Langione & Botter, LLP v Galasso*, 89 AD3d 897, 898 [1st Dept 2011] ["[a]lthough the court is entitled to reject the report of a referee and make new findings, the report and recommendations of a referee should be confirmed if his or her findings are supported by the record"]).

In light of the foregoing, it is

ORDERED that the Clerk of the Court is directed to enter judgment dismissing any remaining claims against the John Doe defendants. The caption in this action is amended to remove John Doe # 1-50 as defendants; and it is further

ORDERED that plaintiff's motion to confirm referee's report and for judgment of foreclosure and sale (MS 002) is granted, and the report and recommendation of Special Referee Ann Pinciss Berman, Esq. dated September 1, 2023 (NYSCEF # 45) is confirmed; and it is further

ORDERED and ADJUDGED that judgment of foreclosure and sale is entered in favor of plaintiff and against defendant 555 Retail Owner LLC for foreclosure of the mortgage dated March 20, 2014 (NYSCEF # 5) in the amount of $23,404,677.60 as of February 6, 2023, plus interest accruing at a rate of $4,962.23 per day through and including the date of the transfer of title of the mortgaged property; and it is further

ORDERED that the mortgage property located at 555 West 59th Street, Commercial Unit 1, Commercial Unit 2, and Commercial Unit 4, New York, New York a/k/a Borough of Manhattan, Block 1151, Lots 1301, 1302 & 1304 on the land and tax map of the County of New York, State of New York is to be sold in one parcel in a foreclosure sale; and it if further

ORDERED that Matthew D. Mannion, an Auctioneer having offices at Mannion Auctions, LLC, 305 Broadway, Suite 200, New York, NY 10007 (mdmannion@jpandr.com), is hereby appointed to succeed Special Referee Ann Princiss Berman, Esq. to conduct the said foreclosure sale, and it is further

ORDERED that, pursuant to Section 36.1 of Part 36 of the Rules of the Chief Judge, the appointment shall be subject to said Part 36; and it is further

ORDERED that, by accepting this appointment, the Auctioneer certifies that he is in compliance with Part 36, including Section 36.2 (d) ("Limitations on appointments based upon compensation"), but if he is disqualified from receiving

**850277/2021 WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2014-CCRE16 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, BY AND THROUGH ITS SPECIAL SERVICER, LNR PARTNERS, LLC vs. 555 RETAIL OWNER LLC ET AL
Motion No. 002**

**Page 3 of 4**

3 of 4

such appointment pursuant to the provisions of Part 36, he shall notify this court forthwith; and it is further

ORDERED that, by accepting this appointment, the Auctioneer certifies that he is familiar with the duties and responsibilities of an auctioneer, has experience in such area, and is fully capable of assuming, and prepared to assume, those duties and responsibilities, which are commensurate with his abilities; and it is further

ORDERED that attorneys or support staff in the appointee's office may perform tasks under the appointee's direct supervision, but all substantive appearances and reports must be made, performed, and created by the appointee; and it is further

ORDERED that if it is anticipated that the Auctioneer's fees will exceed $750, the referee must apply by letter to the court for approval of such fees and the referee shall comply with Section 36.4 before such fees can be paid; and it is further

ORDERED that plaintiff is only authorized to pay the Auctioneer fees in excess of $750 upon receipt of an order by the court authorizing such payment; and it is further

ORDERED that the Auctioneer shall report to this court with all convenient speed; and it is further

ORDERED that, within 20 days of the e-filing of this order, plaintiff shall serve a copy of this order with notice of entry on defendant 555 Retail Owner LLC via NYSCEF and by overnight mail return receipt requested and e-file proof of such service with the court.

| 01/23/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **MARGARET CHAN, J.S.C.** | | |
| **CHECK ONE:** | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | X | FIDUCIARY APPOINTMENT | REFERENCE |

850277/2021   WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE                      Page 4 of 4
BENEFIT OF THE HOLDERS OF COMM 2014-CCRE16 MORTGAGE TRUST COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES, BY AND THROUGH ITS SPECIAL SERVICER,
LNR PARTNERS, LLC vs. 555 RETAIL OWNER LLC ET AL
Motion No.  002

[* 4]                                                             4 of 4